## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SANTIAGO RAMOS MUNOZ<br>901 South Dinwiddle Street, Apt. 126<br>Arlington, Virginia 22204<br><br>*Plaintiff,*<br><br>v.<br><br>TELLIGENT MASONRY LLC<br>2273 Research Boulevard, Suite 550<br>Rockville, Maryland 20850<br><br>Serve: Cogency Global, Inc.<br>  Resident Agent<br>  1025 Connecticut Avenue, Suite 712<br>  Washington, D.C. 20036<br><br>CHRIS M. PAPPAS<br>10524 White Clover Terrace<br>Potomac, Maryland 20854<br><br>*Defendants*. | Case No. 21-2789 |

## COMPLAINT

Plaintiff, Santiago Ramos Munoz ("Plaintiff") by his undersigned counsel, Melehy & Associates LLC, hereby brings suit against TELLIGENT Masonry LLC ("TELLIGENT") and Chris Pappas ("Pappas"), for violations of the District of Columbia Minimum Wage Revision Act, D.C. Code §§ 32-1001 *et. seq.* ("DCMWRA"), the District of Columbia Wage Payment and Collection Act, D.C. Code §§ 32-1301, *et seq*. ("DCWPCA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("the FLSA"). Plaintiff alleges as follows:

### THE PARTIES

1. Plaintiff is an adult resident of the Commonwealth of Virginia and was employed by TELLIGENT and Pappas from early to mid-2015 to January, 2020. During his employment

with TELLIGENT and Pappas, Plaintiff performed masonry work he regularly worked between 40 and 55 hours per week. However, during that time frame, he was paid at the straight time rate of $22 to $24 per hour for all hours of work and was not paid an overtime premium for overtime hours. In addition, TELLIGENT and Pappas failed to pay Plaintiff for all hours that he worked.

2. TELLIGENT is organized under the laws of the State of Maryland and is licensed to do business in the District of Columbia. It is headquartered in Rockville, Maryland. At all times relevant to the Complaint, TELLIGENT was a contractor/subcontractor which performed work in the District of Columbia, Maryland and Virginia, among other places. During the Plaintiff's employment, TELLIGENT employed the Plaintiff within the meaning of the DCMWRA, the DCWPCA and the FLSA because it treated him as an employee, paid his wages, supervised him, determined his pay, hired him and had the authority to terminate his employment. TELLIGENT also meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

3. Pappas is a Member, Director, and owner of TELLIGENT. He is an employer of Plaintiff within the meaning of the DCMWRA, the DCWPCA and the FLSA because: (1) he is an owner, manager and member of TELLIGENT, (2) he has operational control over TELLIGENT and is significantly involved in the operations; (3) indirectly through subordinate managers, he controlled the terms and conditions of Plaintiff's employment, including his work schedules, compensation and pay practices, and did in fact set the terms and conditions of Plaintiff's employment; and (4) he had the authority to hire and fire Plaintiff; (5) he has actual and functional

control over TELLIGENT's corporate funds, which were used to pay TELLIGENT employees, including Plaintiff, and he has the authority to allocate funds as profits in the manner he chooses; (6) through the actions of subordinate managers, he had authority to set Plaintiff's rates and manner of pay and authorized payment of Plaintiff's wages; (7) he had knowledge of and approved of the unlawful manner in which Plaintiff was paid; (8) he established pay practices and formulated and approved pay policies that caused the violations at issue; and (9) he maintained the Plaintiff's employment records.

## JURISDICTION

4. Plaintiff is asserting causes of action against TELLIGENT and Pappas for unpaid overtime wages which arise under the DCMWRA, the DCWPCA and the FLSA.

5. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia claims under 28 U.S.C. § 1367.

6. This Court has *in personam* jurisdiction over Defendants because all of them conduct business in the District of Columbia and this case arises from Defendants' activities in the District of Columbia.

## STATEMENT OF FACTS

7. For the duration of Plaintiff's employment with TELLIGENT and Pappas, he performed work on projects located in the District of Columbia, Maryland and Virginia. During this time frame, Plaintiff performed masonry work and was not exempt from the DCMWRA, the DCWPCA or the FLSA.

8. Plaintiff is unable to identify all of the projects on which he worked during the time

he was employed by TELLIGENT and Pappas. However, he does recall that his last job with TELLIGENT and Pappas was an apartment complex located in the District of Columbia in late 2019 or early 2020. In addition, he worked on another apartment complex located next to the new D.C. United Stadium, an apartment complex located near the corners of H and 6th Streets, N.E. Washington, D.C., and a government building near the old D.C. United Stadium.

9. During the time Plaintiff performed work for TELLIGENT and Pappas on projects located in the District of Columbia, Plaintiff was employed within the District of Columbia within the meaning of D.C. Code § 32-1003 (b), because during the time he worked on those District of Columbia projects, he regularly spent more than 50% of his working time in the District of Columbia.

10. The applicable statute of limitations under the DCMWRA and the DCWPCL (which went into effect on February 26, 2015), provides that an action, "must be commenced within 3 years after the cause of action accrued, or the last occurrence if the violation is continuous. . . ." D.C. Code § 32-1308 (c)(1). On a continuing and ongoing basis from the time he began his employment with TELLIGENT and Pappas and while he performed work on District of Columbia projects, Defendants failed to pay the Plaintiff an overtime premium for his overtime hours in violation of the DCMWRA and failed to pay him for all hours worked in violation of the DCWPCA. Given that the last violation occurred on or about fall 2019, at the earliest, the limitations period for the wage claims will not elapse until the fall of 2022. Therefore, Plaintiff has asserted timely claims for violations of the DCMWRA and the DCWPCA for the time frames while he was performing work on District of Columbia projects in the District of Columbia.

11. Plaintiff has also asserted timely wage claims under the DCMWRA and the DCWPCA for the time he performed work within the District of Columbia, for another reason: the

statute of limitations for his claims under the DCMWRA and the DCWPCA was tolled when his employment began (early to mid-2015) and for each day thereafter, when, on a continuing basis, TELLIGENT and Pappas, failed to comply with the notice provisions of D.C. Code § 32-1008 (c) and (d) (which became effective on February 26, 2015). Section 32-1008 (c) and (d) required TELLIGENT and Pappas, to provide written notice to Plaintiff of, *inter alia*, his overtime rate of pay and any exemption that applied to him beginning May 27, 2015. TELLIGENT and Pappas were required to comply with this written notice provision no later than that time (May 27, 2015) and within 30 days of any change in his overtime rate or exemption. *See* D.C. Code § 32-1008 (d)(1)(A). At no time during Plaintiff's employment with TELLIGENT or Pappas did they comply with the notice provisions by providing Plaintiff with written notice of any type, indicating whether he was exempt or non-exempt from the overtime laws, the applicable rate of his overtime wages or any exemption that applied to him. Since TELLIGENT and Pappas failed to provide the required written notice to Plaintiff, the statute of limitations in § 32-1308 (c) was tolled from the time his employment with TELLIGENT and Pappas began. This also means that Plaintiff has timely unpaid wage claims for all of his working time for TELLIGENT and Pappas on projects located in the District of Columbia. *See* D.C. Code § 32-1008 (d)(3) ("The period prescribed in § 32-1308 (c), shall not begin until the employee is provided all itemized statements and written notice required by this section").

12.   Thus, for all working time on D.C. projects, Plaintiff is entitled to his unpaid overtime wages plus an equivalent amount equal to three times his unpaid overtime wages as liquidated damages pursuant to D.C. Code §§ 32-1012 (b)(1), along with attorney's fees at the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

13. For all working time after October 20, 2018, regardless of the project's location, Plaintiff has claims under the FLSA. Plaintiff is seeking damages for violations of the FLSA that occurred from October 20, 2018 until his employment with TELLIGENT and Pappas ended. Under the FLSA, Plaintiff is entitled to his unpaid overtime wages for the entire period of employment with Defendants, plus an equal amount in liquidated damages, plus attorney's fees at the Legal Services Index Rates.

## COUNT I
## VIOLATIONS OF THE FLSA
### (Defendants TELLIGENT and Pappas)

14. Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

15. Plaintiff was engaged in commerce and/or handled goods that have been moved in commerce, and alternatively, TELLIGENT was an enterprise engaged in commerce, during the time Plaintiff was employed by TELLIGENT and Pappas.

16. TELLIGENT and Pappas violated the FLSA by knowingly failing to pay Plaintiff an overtime premium for his overtime hours – *i.e.* one and one-half times his regular hourly rate for each hour over 40 that he worked during each workweek.

17. TELLIGENT and Pappas's actions were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to Plaintiff for liquidated damages and the statute of limitations is extended to three years.

18. TELLIGENT and Pappas are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for his unpaid overtime premium compensation for the entire period of his employment with Defendants, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses.

19.     The time-frame for which damages are sought under the FLSA is from October 20, 2018 to the time Plaintiff's employment with TELLIGENT and Pappas ended.

20.     The precise amount owed to the Plaintiff by TELLIGENT and Pappas cannot be calculated because Plaintiff and his counsel do not possess all of his payroll or time records, which are in possession of TELLIGENT and Pappas.

## COUNT II
## VIOLATIONS OF THE DCMWRA
### (Defendants TELLIGENT and Pappas)

21.     Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

22.     At all times relevant to the Complaint, Plaintiff was an "employee" of TELLIGENT and Pappas within the meaning of D.C. Code § 32-1002 (2).

23.     At all times relevant to the Complaint, TELLIGENT and Pappas were "employers" of Plaintiff within the meaning of D.C. Code § 32-1002 (3).

24.     TELLIGENT and Pappas violated the DCMWRA by failing to pay Plaintiff an overtime premium for the overtime hours he worked during his employment with them on projects which were physically located in the District of Columbia.

25.     The time frame for which damages are sought under this Count, are those time frames when Plaintiff worked for TELLIGENT and Pappas on projects which were physically located in the District of Columbia.

26.     As a result of the violations of the DCMWRA by TELLIGENT and Pappas, they are liable for Plaintiff's unpaid wages, liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*,

809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

27. The precise amount owed to the Plaintiff by TELLIGENT and Pappas cannot be calculated because Plaintiff and his counsel do not possess all of his time and payroll records, which are in possession of TELLIGENT and Pappas.

## COUNT III
## VIOLATIONS OF THE DCWPCL
### (Only Defendants TELLIGENT and Pappas)

28. Plaintiff re-alleges and incorporates the allegations contained in the paragraphs above.

29. At all times relevant to the Complaint, Plaintiff was an "employee" of TELLIGENT and Pappas within the meaning of D.C. Code § 32-1301 (2).

30. At all times relevant to the Complaint, TELLIGENT and Pappas were "employers" of Plaintiff within the meaning of D.C. Code § 32-1301 (1B).

31. TELLIGENT and Pappas violated the DCWPCA by failing to pay Plaintiff anything at all for some of his hours of work (including straight-time hours and overtime hours).

32. The time frame for which damages are sought under this Count, are those time frames when Plaintiff worked for TELLIGENT and Pappas on projects which were physically located in the District of Columbia.

33. As a result of the violations of the DCWPCA by TELLIGENT and Pappas, they are liable for Plaintiff's unpaid wages, liquidated damages equal to three times the unpaid overtime and straight-time wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

34. The precise amount owed to the Plaintiff by TELLIGENT and Pappas cannot be calculated because Plaintiff and his counsel does not possess all of his payroll records or all of his time records, which are in possession of TELLIGENT and Pappas.

## RELIEF REQUESTED

Plaintiff requests the following relief:

A. enter a judgment against TELLIGENT and Pappas, jointly and severally, and in favor of Plaintiff, based on their violations of the FLSA, in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to his unpaid overtime wages as liquidated damages;

B. enter a judgment against TELLIGENT and Pappas, jointly and severally, and in favor of Plaintiff, based on their violations of the DCMWRA and the DCWPCA, in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to three times the amount of unpaid overtime wages as liquidated damages;

C. as to all Defendants, jointly and severally, award Plaintiff his litigation costs and attorney's fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

_____/s/_____
Omar Vincent Melehy, Esq.
DC Bar No.: 415849
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Phone:  (301) 587-6364
Fax:    (301) 587-6308
*Attorney for Plaintiff*